THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE PETRY AND THE SAID GEORGE PETRY, RESPONDENTS, v. HENRY S. DE BEVOISE, APPELLANT.

*Practice — action to try title to office — the claimant may be joined as a party plaintiff — Code of Civil Procedure, sec. 446.*

To an action of *quo warranto*, brought by the people upon the relation of one claiming to be entitled to an office held by the defendant, the claimant is, under the Code of Civil Procedure, a proper, if not a necessary party plaintiff.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed to the complaint on the ground

that there was a misjoinder of parties plaintiff. The action was brought by the people, on the relation of George Petry, to oust the defendant from the office of mayor of Long Island City and have Petry declared entitled thereto.

*J. Ralph Burnett,* for the appellant.

*Leslie W. Russell,* attorney-general, and *A. T. Payne* and *Homer A. Nelson,* for the respondents.

CULLEN, J.:

We think that Petry is a proper party plaintiff to this action. He certainly has an interest in the subject-matter and in obtaining the judgment demanded. This, under section 446, Code of Civil Procedure, justifies his appearance as plaintiff. Under the former Code he would have been a necessary party. (*People ex rel. Crane* v. *Ryder,* 12 N. Y., 433.) It may be that since the change in phraseology of the new Code he is not now a necessary party, but we do not think he has ceased to be a proper party. The statement in the complaint, " The People complaining on the relation of George Petry," is a sufficient allegation that the action is brought on the relation of Petry, especially as Petry joins in it. We doubt if a defect in that respect would be ground for a demurrer.

Order appealed from should be affirmed, with costs, with leave to defendant to answer over on payment of costs.

Present—DYKMAN and CULLEN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs, with leave to answer in twenty days on payment of costs.